IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| JAMES COAN, § | |
| *Plaintiff*, § | |
| § | |
| v. § | MO:24-CV-00265-DC-RCG |
| § | |
| CHEYENNE TIRE COMPANY, § | |
| COOPER TIRE & RUBBER COMPANY, § | |
| COOPER TIRE & RUBBER § | |
| COMPANY LLC, and THE GOODYEAR § | |
| TIRE & RUBBER COMPANY d/b/a § | |
| COOPER TIRE, § | |
| *Defendants*. § | |

### REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiff James Coan's Motion to Remand. (Doc. 17).[1] This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** Plaintiff's Motion to Remand be **GRANTED** and the case be **REMANDED** to the 244th District Court, Ector County, Texas. (Doc. 17).

### I.   BACKGROUND

This case arises from personal injuries Plaintiff James Coan ("Plaintiff") sustained from an allegedly defective tire. On September 13, 2024, Plaintiff sued Defendants Cheyenne Tire Company ("Defendant Cheyenne"), Cooper Tire & Rubber Company, Cooper Tire & Rubber Company LLC ("Defendant Cooper Tire"), and The Goodyear Tire & Rubber Company d/b/a Cooper Tire ("Defendant Goodyear Tire") (collectively, "Defendants") in the 244th District Court, Ector County, Texas. (Doc. 1-4 at 9). Plaintiff brought causes of action for: (1) products

---

[1]. All page number citations are to CM/ECF generated pagination unless otherwise noted.

liability against Defendants, (2) negligence against Defendants, and (3) breach of warranty against Defendant Cheyenne. *Id.* at 9–10. Plaintiff is a citizen of Texas. (Doc. 15 at 1). Defendant Cheyenne is also a citizen of Texas. (Doc. 1 at 3). Defendants Cooper Tire and Goodyear Tire are citizens of Ohio. *Id.* On October 18, 2024, Defendants Cooper Tire and Goodyear Tire removed this action from state court on the basis of diversity jurisdiction. (Doc. 1). On October 31, 2024, Defendant Cheyenne filed a Motion to Dismiss under Rules 12(b)(6) and 12(c). (Doc. 7). In response, Plaintiff filed an Amended Complaint, and the Court text order mooted the Motion to Dismiss. (Doc. 15). The next day, on November 15, 2024, Plaintiff filed the instant Motion, moving this Court to remand under 28 U.S.C. § 1447(c). (Doc. 17). On November 27, 2024, Defendant Cheyenne and Defendants Cooper Tire and Goodyear Tire filed their Responses. (Docs. 23, 24). Consequently, this matter is ripe for disposition.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A federal court therefore "cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 83 F.3d 244, 248 (5th Cir. 1996). As a result, a defendant may only remove a case if the district court has original jurisdiction through either diversity of citizenship or existence of a federal question. *WMS, LLC v. Allied Prop. & Cas. Ins.*, 244 F. Supp. 3d 567, 570 (W.D. Tex. 2017). If removed, however, a party may move to remand. *Hill Country Villas Townhome Owners' Assoc., Inc. v. Everest Indem. Ins.*, No. 19-CV-0936, 2020 WL 373375, at *2 (W.D. Tex. Jan. 23, 2020) (citing 28 U.S.C. § 1447(c)). On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a

State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

"On a motion to remand, the removing party bears the burden of establishing that one of the bases of [federal] jurisdiction exists, and that the removal was not procedurally defective." *WMS*, 244 F. Supp. 3d at 570. To establish federal jurisdiction through diversity of citizenship, the amount in controversy must exceed $75,000 and the parties must be completely diverse. 28 U.S.C. § 1332(a). "But removal based on diversity is precluded 'if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Williams v. Homeland Ins.*, 18 F.4th 806 (5th Cir. 2021) (citing 28 U.S.C. § 1332(a)(1)). Any doubt as to whether removal was proper should be resolved in favor of remand. *WMS*, 244 F. Supp. 3d at 570; *Villalobos v. Hudson Ins.*, No. 22-CV-00010, 2022 WL 4594029, at *3 (W.D. Tex. Sept. 29, 2022) (citing 28 U.S.C. § 1447(c)).

### III. DISCUSSION

Defendants Cooper Tire and Goodyear Tire removed this case pursuant to the Court's diversity jurisdiction alleging Plaintiff is a Texas citizen and no properly joined defendant is also a Texas citizen. (Doc. 1 at 2). All Parties agree that both Plaintiff and Defendant Cheyenne are citizens of Texas. *Id.* at 3; (Docs. 17 at 3; 23 at 1). However, Defendants argue the Court should disregard the lack of diversity created by Defendant Cheyenne because Plaintiff cannot establish a cause of action against Defendant Cheyenne, thus making it an improperly joined defendant. (Doc. 1 at 3). In contrast, Plaintiff argues the case must be remanded because Plaintiff has pleaded viable state law claims supported by factual allegations against Defendant Cheyenne. (Doc. 17 at 4).

A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that an in-state defendant has been "improperly joined." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The burden is on the removing party, and the burden of demonstrating improper joinder is a heavy one. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). Under the doctrine of improper joinder, a district court may disregard the citizenship of a non-diverse defendant if the removing party shows either: (1) "actual fraud in the pleading of jurisdictional facts; or (2) [that] the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court." *Williams*, 18 F.4th at 812. Here, only the second method of improper joinder applies. (Docs. 17 at 3; 23 at 5; 24 at 3). To establish improper joinder under this method, a removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Cuevas*, 648 F.3d at 249 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). A cause of action cannot be established against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *Villalobos*, 2022 WL 4594029, at *12. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. *Wilkins v. Arthur J. Gallagher & Co.*, No. 10-CV-40, 2010 WL 11652141, at *3 (W.D. Tex. May 12, 2010). However, in some cases, a plaintiff may state a claim but misstate or omit discrete facts that would determine the propriety of joinder; in such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary

4

inquiry. *Smallwood*, 385 F.3d at 573. In this case, Defendants dispute the sufficiency of Plaintiff's pleadings, thus the Court finds the Rule 12(b)(6)-type analysis appropriate. *DeForest v. WPX Energy Permian, LLC*, No. 23-CV-00026, 2024 WL 1080463, at \*6 (W.D. Tex. Jan. 17, 2024) ("A district court has discretion to choose the analysis to apply, but the 12(b)(6)-type analysis is preferred.").

In the Rule 12(b)(6)-type improper joinder analysis, the federal pleading standard applies. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 204 (5th Cir. 2016). The Court must consider whether Plaintiff pleaded "enough facts to state a claim to relief that is plausible on its face." *Id.* at 208 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in a light most favorable to plaintiff. *See Raj v. La State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *Torch Liquidating Trust ex rel. Bridge Assocs. LLC v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted). "When considering whether a plaintiff has stated a claim against a non-diverse party in state court, the test is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. This means that there

must be a reasonable possibility of recovery, not merely a theoretical one." *Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 304 (5th Cir. 2024). If there exists a possibility of recovery on even one of Plaintiff's causes of action against Defendant Cheyenne, the Court must remand the entire case to state court. *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) ("Although our fraudulent joinder decisions have never made the issue entirely pellucid, § 1441's holistic approach to removal mandates that the existence of even a single cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court").

To start, a threshold issue is whether the Court is permitted to consider Plaintiff's Amended Complaint or only Plaintiff's as-removed Original Petition. Defendants assert Plaintiff improperly relies on his First Amended Complaint to state a claim for relief against Defendant Cheyenne because Plaintiff asserts new substantive theories in his post-removal filing. (Docs. 23 at 7–8; 24 at 3–4). The Fifth Circuit recently clarified this issue in *Palmquist*. In a factually similar case, the Circuit held that "while we will not entertain new theories not raised in state court," plaintiffs should be permitted to amend their complaint to conform to the federal pleading standard. *Palmquist*, 103 F.4th at 301–02. The court reasoned that "a plaintiff should not be penalized for adhering to the pleading standards of the jurisdiction in which the case was originally brought. Otherwise, where there are potentially diverse parties, plaintiffs would essentially have to plead the federal pleading standard in state court for fear of having their claims against non-diverse parties thrown out upon reaching federal courts for failing to comply with the demands of Rule 12(b)(6)." *Id.* at 303 (citing *Peña v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018)). Thus, here, the Court will not consider new causes of action or theories Plaintiff first raises in his Amended Complaint but will entertain any clarifications

Plaintiff provided after removal for purposes of an improper joinder analysis. *Id*. ("Although post-removal filings may not be considered 'to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court,' they can be considered to the extent they 'clarify or amplify the claims actually alleged' in the removed pleading." (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999))).

In both his Original Petition and Amended Complaint, Plaintiff alleges causes of action under Texas law for negligence, breach of warranty, and products liability. (Docs. 1-4, 15). As each claim derives from personal injuries that occurred because of an alleged defective product, this is a products liability action governed by Chapter 82 of the Texas Civil Practice and Remedies Code. The term "[p]roducts liability action," defined in § 82.001, includes:

> [A]ny action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, *strict products liability*, *negligence*, misrepresentation, *breach of express or implied warranty*, or any other theory or combination of theories.

TEX. CIV. PRAC. & REM. CODE § 82.001 (emphasis added). Further, as the Parties agree Defendant Cheyenne is not a manufacturer, but simply a seller, of the alleged defective tire, Plaintiff's claim is subject to § 82.003, pertaining to Liability of Nonmanufacturing Sellers. Section 82.003 "provides blanket protection for nonmanufacturing sellers of products from liability for injuries caused by a defective product unless one of the specified exceptions apply." *Patlan v. Michelin N. Am., Inc.*, No. 19-CV-262, 2019 WL 2267046, at *3 (W.D. Tex. May 28, 2019) (quoting *Garcia v. LG Elecs. USA Inc.*, No. B-11-61, 2011 WL 2517141, at *2 (S.D. Tex. June 23, 2011)). For a nonmanufacturing seller to be liable, it must fall within at least one of seven narrow exceptions. TEX. CIV. PRAC. & REM. CODE § 82.003(a). In his Amended

Complaint, Plaintiff provides Defendant Cheyenne could fall under the exceptions in § 82.003(a)(4)–(5):

> (a) A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:
>
>> (4) that:
>> (A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product;
>> (B) the warning or instruction was inadequate; and
>> (C) the claimant's harm resulted from the inadequacy of the warning or instruction;
>>
>> (5) that:
>> (A) the seller made an express factual representation about an aspect of the product;
>> (B) the representation was incorrect;
>> (C) the claimant relied on the representation in obtaining or using the product; and
>> (D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm[.]

*Id*. § 82.003(a)(4)–(5).

Despite Plaintiff specifically contending the facts in his Complaint trigger the fourth and fifth exceptions, Defendant Cheyenne spends its whole Response arguing that it does not fall under the third exception. (*See* Doc. 23). More helpfully, Defendants Cooper Tire and Goodyear Tire argue Defendant Cheyenne does not fit into any of the seven exceptions. (*See* Doc. 24). Beginning with the fifth exception dealing with express factual representations, Defendants Cooper Tire and Goodyear Tire argue Plaintiff's Amended Complaint provides new allegations the Court should not consider. *Id*. at 10. And even if the Court did consider the new facts, Plaintiff cannot survive a 12(b)(6). *Id*. The Court disagrees.

First, the Court finds Plaintiff adequately pleaded the fifth exception in his Original Petition and his Amended Complaint simply clarified and amplified the allegations. *See Palmquist*, 103 F.4th at 303. In his Original Petition, Plaintiff alleges:

> The blowout of the Plaintiff's tire was the result of a product failure that failed to meet the basic safety specifications the Defendants advertised [for] the product which was purchased and used by the Plaintiff.
>
> Defendant Cheyenne Tire Company as the end seller of the Cooper Tire product that sold the tire to the Plaintiff and his employer marketed and sold the Cooper Tire using the specifications and safety standards that the tire failed to meet.
>
> Plaintiff by and through [an] employer purchased a 10ply tire to be put on and used on a work truck for the purposes of performing work and driving long haul. The Defendant sold the Plaintiff and his employer a tire not fit for the purpose for which it was installed and intended. The failure of the Defendant led to the use of the tire on the Plaintiff's truck which led to the incident in question.

(Doc. 1-4 at 9–11). Then, in his Amended Complaint, Plaintiff expounds:

> Defendant Cheyenne Tire Company recommended the brand and model of Cooper tires to the Plaintiff Coan based on his needs and the type of driving he would be doing with his work truck and installed the tires after he made the choice based on their recommendations and advice.
>
> Defendant Cheyenne Tire Company[,] as the end seller of the Cooper Tire product, sold the tire to the Plaintiff and his employer after representing and marketing to the product for a specific use based on the specifications and safety standards that the tire failed to meet. Defendant . . . made factual representations and recommendations to the Plaintiff and his employer about the safety and viability of the use of the specific tire brand and model for the type of driving and use needs the plaintiff had for his work vehicle. Plaintiff based on the representations and recommendations made by Defendant Cheyenne Tire Company's employees made his purchase of the tire that blew out from Defendant Cheyenne Tire Company and had Defendant Tire Company install the tires on his vehicle.

> Plaintiff in reliance on the representations of the sales person from Defendant Cheyenne Tire Company use[d] the tire under the conditions reasonable with his line of work. Had the defectively manufactured tire not been on the Plaintiff's vehicle at the time the Plaintiff would not have sustained the injuries caused by the blowout event.

(Doc. 15 at 3, 6). Because the Court does not find Plaintiff stated a new cause of action or theory of liability in his Amended Complaint, the Court will consider the more detailed allegations in its analysis.

Second, the Court finds Plaintiff's allegations have a probable right of recovery against Defendant Cheyenne under § 82.003(a)(5). Plaintiff has alleged Defendant Cheyenne represented to Plaintiff and his employer this specific brand and model of tire would be suitable for the type of driving he would be doing in his work truck, but this representation was incorrect as the tire was not fit for this purpose. Further, Plaintiff provides he purchased this tire based on Defendant Cheyenne's recommendations and advice and using this tire in his line of work led to his injuries. *See Helm v. Moog Inc.,* No. 11–CV–109–Y, 2011 WL 3176439, at *4 (N.D. Tex. July 27, 2011) (holding that the defendants' alleged factual representation that the product was safe to use in the shoulder joint to deliver continuous pain medication stated a factual basis for an actionable claim under § 82.003(a)(5)).

Defendants Cooper Tire and Goodyear Tire argue this case is similar to one decided by our sister court—*Gill v. Michelin N. Am., Inc.*, 3 F. Supp. 3d 579 (W.D. Tex. 2013). There, the presented issue also involved an allegedly defective tire and a possible right to recover under § 82.003(a)(5). *Id.* at 585. In that case, the non-manufacturing seller represented to the plaintiffs that the Dodge Ram pickup, including its component tire, was a "good truck." *Id.* The Court reasoned this representation was insufficient to show a right of recovery because the plaintiffs had "not alleged any basis for any express factual misrepresentation made by [the seller] apart

from the general allegations of the defectiveness of the truck or tire at issue." *Id*. Similarly, Defendants Cooper Tire and Goodyear Tire assert Plaintiff's allegations regarding Defendant Cheyenne's recommendation of the tire "are too bare-bone and generalized to satisfy Section 82.003(a)(5)."[2] (Doc. 24 at 10). The Court, however, finds *Gill* distinguishable from the case at hand. Here, Plaintiff alleges he had specific needs in a tire based on the type of driving he was doing and he expressed this to Defendant Cheyenne. (Doc. 15 at 3, 6). Then, based on Plaintiff's needs, Plaintiff alleges Defendant Cheyenne recommended this specific tire brand and model for Plaintiff's work truck. *Id*. Reading the facts in the light most favorable to Plaintiff, this is not a generalized allegation that this tire is "good" or "safe," but rather, this is a specific representation that this tire is fit for Plaintiff's purposes. *Cf. Gill*, 3 F. Supp. 3d at 585. Accordingly, the Court concludes Plaintiff's Amended Complaint sets out sufficient factual details to overcome a Rule 12(b)(6) challenge on his cause of action under § 82.003(a)(5).

Looking at the fourth exception, which deals with warnings or instructions, Defendants Cooper Tire and Goodyear Tire argue Plaintiff's Original Petition makes no reference to a warning or instruction Defendant Cheyenne allegedly provided, thus the Court should not consider Plaintiff's new allegations for the purposes of remand. *Id*. at 8. In reviewing his Original Complaint, the Court tends to agree that Plaintiff does not make any allegations relating to warnings, instructions, or lack thereof. Further, in Plaintiff's Amended Complaint, he alleges that "[d]uring the rotation and inspection of these tires the Defendant Cheyenne Tire Company failed to identify any defects, compromises and/or problems to the integrity of the tire. . . ."

---

2. Defendants Cooper Tire and Goodyear Tire also state the *Gill* court reasoned there was no right to recovery because the plaintiffs did not allege the seller "represented the Dodge Ram pickup or tire at issue were safe while having knowledge that it was actually defective or unsafe." *Gill*, 3 F. Supp. at 585 (citing TEX. CIV. PRAC. & REM. CODE § 82.003(a)(6)); (Doc. 24 at 10). Defendants Cooper Tire and Goodyear Tire argue the same is true here. (Doc. 24 at 10). However, this reasoning put forth in *Gill* applies to the sixth exception, and the fifth exception does not require actual knowledge. *See* TEX. CIV. PRAC. & REM. CODE § 82.003(a)(5)–(6).

(Doc. 15 at 7–8). However, in Plaintiff's Original Petition, there is no mention of Defendant Cheyenne completing any work or maintenance on the tires following Plaintiff's initial purchase. Thus, the Court is inclined to find these additions in the Amended Complaint cannot be classified as clarifications of existing claims but rather are a new theory of Defendant Cheyenne's liability. *See Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 265 (5th Cir. 1995) ("[T]here is no need for clarification of the [plaintiffs'] complaint; it does not contain allegations against [the in-state defendant] that state a claim for relief under either of the two legal theories pleaded. . . . The [plaintiffs'] proposed amended complaint does not clarify the jurisdictional facts at the time of removal; it attempts instead to amend away the basis for federal jurisdiction.").

However, even if a plaintiff brings multiple claims against an in-state defendant, if just one of the claims presents a reasonable probability of recovery, remand is necessary. *Shields v. Bridgestone Firestone N. Am. Tire, LLC*, 502 F. Supp. 2d 497, 502 (W.D. Tex. 2005). Thus, because Defendants have not demonstrated there is no reasonable basis to predict recovery for at least one of Plaintiff's claims against the in-state Defendant Cheyenne, Defendants have not met their burden of showing Defendant Cheyenne was improperly joined. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 311 (5th Cir. 2002) ("If the facts set out in plaintiffs' complaint, taken as true and drawing all inferences in the light most favorable to plaintiffs, at least raise the possibility that they could succeed in establishing a claim against the in-state defendant, the defendant's citizenship cannot be disregarded and diversity jurisdiction is absent."). Consequently, there is a lack of complete diversity among the Parties, depriving the Court of subject-matter jurisdiction. The Court **RECOMMENDS** Plaintiff's Motion to Remand should be **GRANTED** and the case be **REMANDED** to the 244th District Court, Ector County, Texas.

## IV. RECOMMENDATION

In accordance with the discussion above, the Court **RECOMMENDS** that Plaintiff's Motion to Remand be **GRANTED** and the case be **REMANDED** to the 244th District Court, Ector County, Texas. (Doc. 17).

SIGNED this 14th day of May, 2025.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).